### Richard SILVA, Appellant,

v.

### Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.

### No. 24806.

United States Court of Appeals Fifth Circuit.

Dec. 26, 1967.

Richard Silva, pro se.

Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., Crawford C. Martin, Atty. Gen. of Texas, George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty. Gen., R. L. Lattimore, Howard M. Fender, Robert E. Owen, Asst. Attys. Gen., Austin, Tex., for appellee.

Before COLEMAN and SIMPSON, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM:

This appeal is from denial of a writ of habeas corpus [1] to appellant who is now serving concurrent sentences for theft and for possession of narcotics in the Texas State Penitentiary.

Appellant contends that his pleas of guilty to the above offenses were not freely and voluntarily entered because he was compelled to plead guilty by his retained counsel, now deceased. Appellant also complains that he was denied trial by jury and confrontation of witnesses, and that the indictments were invalid in several respects.

The District Court held an evidentiary hearing with appellant, represented by court-appointed counsel, present and testifying. The Court rendered detailed findings of fact and conclusions of law, which are abundantly supported by credible evidence and applicable legal authorities.[2]

We conclude that the appellant's pleas of guilty were freely and voluntarily entered upon advice of counsel after he was fully advised of his constitutional rights by the trial court. See Busby v. Holman, 5 Cir. 1966, 356 F.2d 75; Cooper v. Holman, 5 Cir. 1966, 356 F.2d 82. Therefore, appellant had no federally protected right to a jury trial. Moreover, the prosecuting attorney testified, and the court below found, that the appellant expressly waived his right to a jury. Certified copies of the indict-

---

1. 28 U.S.C. § 2241.

2. See Silva v. Beto, Civil Action No. 66–H–424 (S.D.Tex., Houston Division).

ments which were entered in evidence appear to be regular and valid in all essential particulars.

The judgment of the District Court is correct, and it is hereby

Affirmed.